NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                            :
KAREN BORN,                                 :
                                            :
        Plaintiff,                          :        Civil No. 09-1602 (AET)
                                            :
            v.                              :        **MEMORANDUM & ORDER**
                                            :
ABERDEEN POLICE DEP'T, et al.,              :
                                            :
        Defendants.                         :
_____:

THOMPSON, District Judge


        This matter is before the Court on Defendants' motion to dismiss Plaintiff's Complaint

for failure to state a claim upon which relief can be granted.  The Court has decided this motion

based on the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78.

For the reasons set forth below, Defendants' motion to dismiss is granted in part and denied in

part.

**I.      Background**

        Plaintiff Karen Born filed a notice of tort claim against the Aberdeen Police Department

in March, 1999 pursuant to the New Jersey Tort Claims Act.  Since then, she alleges, she has

been subject to retaliation in the form of repeated harassment and "stalking," false arrests and

malicious prosecution.  Specifically, she alleges that the Aberdeen police (1) arrested her falsely

in December 1998, July 1999, sometime in 2003 and on November 16, 2008, (2) attempted to

forcibly admit her for a mental evaluation in 1999, (3) "allowed" an Aberdeen resident to file

false charges against her in 2002 and (4) persistently "stalked" Plaintiff by, for instance, stopping

her repeatedly, following her home from the train station at night and parking near her home. Plaintiff filed her Complaint alleging the above on April 6, 2009 and an Amended Complaint on May 20, 2009, naming the Township of Aberdeen, the Aberdeen Police Department and several individual Aberdeen police officers as Defendants. Plaintiff seeks compensatory and punitive damages as well as an injunction barring the Aberdeen police from stalking her.[1]

The Court construes Plaintiff as asserting the following claims under 42 U.S.C. § 1983: (a) denial of her Fourteenth Amendment due process right to access the courts by retaliating against her for filing a claim,[2] (b) false arrest in violation of her Fourth Amendment rights, (c) malicious prosecution on the charges arising from her arrests, in violation of the Fourth Amendment and (d) deprivation of liberty without due process in violation of the Fourteenth Amendment by stalking and harassing her. Plaintiff also asserts state law claims for "slander and libel" and "constant emotional distress."

## II.    Analysis

### A.    Statue of Limitations

Claims under § 1983 are limited by the "general or residual [state] statute [of limitations] for personal injury actions." <u>Owens v. Okure</u>, 488 U.S. 235, 250 (1989). In New Jersey, that statute is N.J.S.A. § 2A:14-2, which provides a two year limitation period from the date the cause

---

[1] Plaintiff also made a motion for a preliminary injunction, and the Court held a hearing on that motion. Plaintiff did not appear, and based on the submissions of the parties, denied the motion.

[2] Retaliation for the exercise of constitutional rights, including access to the courts, is actionable under § 1983. <u>See</u> <u>Mitchell v. Horn</u>, 318 F.3d 523, 530 (3d Cir. 2003) ("Government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right.").

of action accrues.  See Backof v. N.J. State Police, 92 Fed. Appx. 852, 855 (3d Cir. 2004) (citing

Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989)).  Plaintiff filed the

Complaint in this action on April 6, 2009.  Therefore, as Defendants argue, Plaintiff's claims

based on the arrests in 1998, 1999 and 2003, the attempted commitment in 1999 and "allowing"

the resident's false charges in 2002 are time barred.

       B.     Claims Against the Township and the Police Department

"When a suit against a municipality is based on § 1983, the municipality can only be

liable when the alleged constitutional transgression implements or executes a policy, regulation,

or decision officially adopted by the governing body or informally adopted by custom."

McTernan v. City of York, Pa., 564 F.3d 636, 657 (3d Cir. 2009) (internal quotations and

citations omitted).  A complaint that fails to identify the relevant policy or custom has failed to

state a claim under Rule 8(a).  Id. at 658 ("To satisfy the pleading standard, [Plaintiff] must

identify a custom or policy, and specify what exactly that custom or policy was.").  This rule also

applies to police departments.  Couden v. Duffy, 446 F.3d 483, 500 (3d Cir. 2006).  Here,

Plaintiff identifies no policy or custom of harassment or other constitutional wrong-doing

adopted by the Aberdeen police and instead appears to allege that the individual police officers

were motivated by some personal animus toward her.  Therefore, Plaintiff's claims against the

Township of Aberdeen and the Aberdeen Police Department are dismissed.

What remains is Plaintiff's claims against the individual officers for false arrest and the

accompanying malicious prosecution arising from the November 16, 2008 arrest and the

retaliation and deprivation of liberty arising from any stalking/harassment that has taken place

since April 6, 2007.[3]

       C.      <u>False Arrest and Malicious Prosecution</u>

Both claims for false arrest and claims for malicious prosecution require a showing of a lack of probable cause.  <u>See</u> <u>Groman v. Twp. of Manalapan</u>, 47 F.3d 628, 634 (3d Cir. 1995) (false arrest); <u>Johnson v. Knorr</u>, 477 F.3d 75, 82 (3d Cir. 2007) (malicious prosecution).  Here, Plaintiff's counsel stipulated in state court to the existence of probable cause with respect to the charges brought against her arising from her November 16, 2008 arrest.  (Schwartz Decl. Exs. C, D.)  Therefore, Plaintiff cannot state a claim arising from her November 2008 arrest and prosecution.

       D.      <u>Retaliation and Deprivation of Liberty Claims</u>

In their brief, Defendants construed Plaintiff's claim predicated on her allegations of repeated stalking and harassment by the police as a claim for unreasonable seizure in violation of the Fourth Amendment.  (Defs.' Br. 2-3.)  The Court disagrees and does not construe the Complaint as alleging a Fourth Amendment claim independent of the claims for false arrest and malicious prosecution.  Instead, as listed above, the Court construes Plaintiff's allegations of repeated stalking as the basis for two claims: one for retaliation for exercising her constitutional

---

    [3] Claims for false arrest accrue at the time of arrest, <u>see</u> <u>Montgomery v. DeSimone</u>, 159 F.3d 120, 126 (3d Cir.1998), but claims for malicious prosecution do not accrue until the charges are dismissed.  <u>See</u> <u>Smith v. Holtz</u>, 87 F.3d 108, 110-11 (3d Cir.1996).  Defendants have only provided the Court with the record of the disposition of the charges brought against Plaintiff in 2008, not those brought in 1998, 1999 and 2003.  Therefore, while the Court dismisses Plaintiff's claims for false arrest prior to 2007 as time barred, the Court cannot yet dismiss the claims for malicious prosecution in 1998, 1999 and 2003 as time barred because the Court does not know when those charges were dismissed, if at all.  As discussed below, the Court will provide Defendants an opportunity to file a second motion to dismiss or a motion for summary judgment, and Defendants may address this there.

-4-

right to access the courts and one for deprivation of liberty without due process, both in violation of the Fourteenth Amendment.  Plaintiff explicitly states: "This stalking is an intentional and malicious violation of plaintiff's Constitutional right to liberty."  (Compl. ¶ 15.)  Plaintiff also more generally alleges that the Aberdeen Police "engaged in endless retaliation against her since she filed a tort claim ...."  (Compl. "Introduction.")[4]

Because Defendants have not addressed these claims in their motion to dismiss, the Court will reserve judgment on them and will allow Defendants to address them in either a second motion to dismiss or in a motion for summary judgment.  The Court will defer addressing Plaintiff's state law claims until after it resolves Defendants' pre-trial motions on the federal claims.

---

[4] Further, the elements of a claim for retaliation under § 1983 are: (1) that Plaintiff engaged in constitutionally protected conduct, (2) that the Aberdeen police took an adverse action sufficient to deter a person of ordinary firmness from exercising her constitutional rights and (3) a causal link between the exercise of her constitutional rights and the adverse action taken against her.  Mitchell, 318 F.3d at 530.  Here, Plaintiff alleges that she engaged in constitutionally protected conduct when she filed a notice of tort claim against the Township of Aberdeen under New Jersey's Tort Claims Act.  She further alleges that the Aberdeen have harassed her for years in retaliation for that claim and that as a result she fears for her safety.

<u>CONCLUSION</u>

For the reasons stated above,

IT IS on this 31st day of August, 2009,

ORDERED that Defendants' motion to dismiss [docket # 36] is GRANTED in part and DENIED in part, in accord with the Court's Opinion; and it is further

ORDERED that Defendants may file either a second motion to dismiss or a motion for summary judgment to address Plaintiff's remaining claims.


s/ Anne E. Thompson
_____
ANNE E. THOMPSON, U.S.D.J.