# SCHWARTZ & POSNOCK
**ATTORNEYS AT LAW**
901 WEST PARK AVENUE
SUITE 2-E
OCEAN, NEW JERSEY 07712

---

**DAVID A. SCHWARTZ**\*†
**LESLIE B. POSNOCK**†

TELEPHONE: (732) 695-1902
TELECOPIER: (732) 695-1802
dschwartz@schwartzposnock.com

OF COUNSEL
JEFFREY W. GOLDBLATT
DAVID J. GRUBER\*
MICHAEL A. POSNOCK

\*ALSO LICENSED IN NY
†ALSO LICENSED IN PA & CA

January 19, 2010

Hon. Anne E. Thompson, U.S.D.J.
United States District Court - District of New Jersey
Clarkson S. Fisher Federal Bldg. and U.S. Courthouse
402 East State Street
Trenton, N.J. 08608

    RE: <u>Karen Born v. Township of Aberdeen, et al.</u>
      Cvil Action No. 09-1602 (AET)

Dear Judge Thompson:

This firm represents the Township of Aberdeen and the individual police officer defendants in the above-referenced case. On December 7, 2009, the Court granted the defendants' motion for summary judgment.[1] On December 16, 2009, plaintiff moved for an extension of time to file for reconsideration of the Court's December 7, 2009 Order. (<u>See</u> ECF docket entry 58). On December 17, 2009, the plaintiff's motion for an extension was denied.(<u>See</u> ECF docket entry 59). Subsequently, and in apparent disregard of the Court's prior Order denying an extension, on December 28, 2009, plaintiff filed an untimely motion for reconsideration of the decision

---

[1] While the defendants' motion for summary judgment was pending, plaintiff filed a letter with the Court dated November 30, 2009, in which she made allegations of further retaliation and/or deprivation of liberty occurring on November 21, 2009. The November 30, 2009 letter was a "request by plaintiff to add yet a fourth Amendment to her lawsuit."(<u>See</u> ECF docket entry 55). The plaintiff's request to amend the complaint was not ruled on. In its December 7, 2009 Order, the Court granted the defendants' leave to file a second motion or summary judgment to address the plaintiff's motion to amend. The defendants are now preparing the second motion for summary judgment and intend to file the motion in the near future.

Hon. Anne E. Thompson, U.S.D.J.
January 19, 2010
Page 2

granting defendants' motion for summary judgment.[2] Please accept this letter memorandum, in lieu of a formal brief, in opposition to the plaintiff's motion for reconsideration.

In a motion for reconsideration, the movant must show either (1) an intervening change in the controlling law, (2) the availability of new evidence that was previously unavailable, or (3) that it is necessary to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. ex rel. Lou A-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3rd Cir 1999). Here, plaintiff has not alleged, no less shown any of the three grounds for reconsideration. The only fact that appears to be "new" in the plaintiff's reconsideration motion is a reference to a January 2009 tort claim notice. Clearly, this alleged January 2009 tort claim was previously available to the plaintiff. If the January 2009 tort claim notice was indeed filed, plaintiff was certainly aware of it and should have brought it to the Court's attention some ten months later in her October 27, 2009 brief in opposition to the defendants' motion. Notwithstanding the plaintiff's failure to bring the tort claim notice to the Court's attention, it is extremely unlikely that the tort claim notice would have made any difference to the disposition of the motion, since there is no factual basis to suggest that the individual Aberdeen police officers would have known about the January 2009 tort claim notice in the first instance. It is untenable therefore, to allege that the notice was the motivation for their encounters with the plaintiff. Further, there were other independent grounds for reaching the decision to dismiss the complaint.

A motion for reconsideration is an extraordinary remedy and should be used sparingly. *A.K. Stamping Co. V. Instrument Specialties Co.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) quoting *N.L. Industries, Inc., v. Commercial Union Ins., Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Reconsideration is not warranted where a movant merely recapitulates the cases and arguments previously analyzed by the court. *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 416 (D.N.J. 2005). A party must show more than a disagreement with the court's decision. *Panna v. First Savings Bank*, 760 F. Supp. 432, 435 (D.N.J. 1991). The difference of opinion with the court's decision should be dealt with through the normal appellate process. *Florham Park Chevron v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988).

Here, plaintiff has merely recast her original arguments that were posited in October 2009. Each legal point was already argued. There are no reasons alleged that constitute proper grounds for reconsideration. Moreover, the motion is, as set forth above, untimely, particularly in light of the Court's specific ruling on the plaintiff's request for an extension of time to file. Plaintiff should not now be heard to claim that she did not know of the time-frame in which to file for

---

[2] Under Local Civil Rule 7.1(i), a motion for reconsideration must be served and filed no later than ten business days after entry of judgment by the court.

Hon. Anne E. Thompson, U.S.D.J.
January 19, 2010
Page 3

reconsideration, or that her request for additional time in which to file was denied.

                Respectfully submitted,

                SCHWARTZ & POSNOCK

                /s/ David A. Schwartz

                DAVID A. SCHWARTZ

DAS:icp
cc: Karen Born (by regular U.S. Mail)